**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| MAURICE MABON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-02588-SHL-tmp |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER DIRECTING CLERK TO MAIL FILINGS TO PETITIONER

Before the Court is Petitioner Maurice Mabon's Petition Pursuant to 28 U.S.C. § 2255 and 28 U.S.C. § 1331 and 28 U.S.C. § 1651 to Vacate/Correct an Unlawful Conviction and/or Sentence, filed on September 18, 2023.  (ECF No. 1.)  The United States responded to the petition on November 14, 2023.  (ECF No. 6.)  On May 7, 2026, Mabon filed a Motion Moving the Court to Expedite a Decision on Petitioner's Petition and Motions Now Before the Court. (ECF No. 13.)

Because it appears that Mabon never received a copy of the Government's answer to his petition, despite his notice to the Court that he received nothing, the Clerk is **DIRECTED** to mail copies of **the Government's answer** (ECF No. 6) and **this Order** (ECF No. 14) to Mabon at the address given below.   Following the expiration of the time for him to file a reply, the Court will rule on the Petition.

## BACKGROUND

I.      **Criminal Case No. 2:11-cr-20121-JPM-dkv-1**

On October 19, 2011, a federal grand jury in the Western District of Tennessee returned the five-count Second Superseding Indictment charging Mabon with four counts of child sex

trafficking and one count of being a felon in possession of ammunition.   Criminal ("Cr.") ECF No. 28.)   Specifically, Count Five charged that, on or about May 12, 2011, Mabon, a convicted felon, knowingly possessed 25 live rounds of .380 caliber ammunition, 20 live rounds of .45 Auto caliber ammunition, 12 live rounds of 9 mm Luger caliber ammunition, 17 live rounds of 7.65 caliber ammunition, and 8 spent rounds of 7.62 caliber ammunition in violation of 18 U.S.C. § 922(g).   (Id.)   The Court dismissed one child sex trafficking count before trial.   (ECF No. 102.)   The jury returned a verdict of guilty on all four remaining counts on April 5, 2012. (ECF No. 113.)   The Court later vacated one additional count of child sex trafficking on July 13 due to possible double jeopardy issues.   (ECF No. 128.)   That same day, Mabon was sentenced to 324 months incarceration.   (ECF No. 132.)   He filed a notice of appeal on July 21.   (ECF No. 137.)   The Sixth Circuit Court of Appeals affirmed his conviction on September 5, 2013. (ECF No. 171.)

## II.   Mabon's § 2255 Motion

Mabon filed his § 2255 motion on September 18, 2023.   (ECF No. 1.)   Eight days later, however, he filed a letter asking the Court to hold that motion in abeyance because he "need[ed] to first apply with the Court of Appeals for permission to file a second 2255 motion."   (ECF No. 3 at PageID 28.)   The Court denied that request, stating that it had "no record of Movant filing a § 2255 motion before the instant motion.   As such, Movant would not need to seek permission for the filing in the appellate court."   (ECF No. 4 at PageID 30.)   The Court then ordered the Government to respond.   (ECF No. 5.)   In that order, the Court provided that Mabon "may, if he chooses, submit a reply to Respondent's answer or response within twenty-eight (28) days of service."   (Id. at PageID 31.)   The Court explained that it would rule on the Parties' filings "after the expiration of Movant's time to reply."   (Id.)

The Government responded on November 14, 2023.   (ECF No. 6.)   However, on

January 2, 2024, Mabon filed a notice stating that, during a facility transfer from November 9 to

December 6, 2023, he had not received his mail.   (ECF No. 7 at PageID 50.)   He thus requested

copies of any documents he might have missed during that period, including "any other

government responses."   (Id.)   However, the docket does not indicate that the Government's

response was sent to him.

Then, on November 20, 2024, Mabon filed a letter requesting the Court "to direct the

Government to answer the petition" (ECF No. 10 at PageID 56)—again making it appear likely

that Mabon never received the Government's November 14, 2023 answer.   The case was

subsequently transferred to the undersigned.   (ECF No. 12.)

**ANALYSIS**

Because it appears that Mabon never received the Government's response, he has not had

an opportunity to file a reply as allowed by the Court.   Thus, the Clerk is **DIRECTED** to mail

copies of **the Government's answer** (ECF No. 6) and **this Order** (ECF No. 14) to Mabon at his

current address[1]:

> **Maurice Mabon (24631-076)**
> **FCI Yazoo City Medium**
> **Federal Correctional Institution**
> **P.O. Box 5000**
> **Yazoo City, MS 39194**

Pursuant to Rule 5(e) of the Rules Governing Section 2255 Proceedings for the United

States District Courts, Mabon may, if he chooses, submit a reply to the Government's answer

---

[1] Mabon's location has been confirmed by looking up his Bureau of Prisons ("BOP")
register number on the BOP's Inmate Locator.   Find an Inmate, Federal Bureau of Prisons,
https://www.bop.gov/inmateloc//index.jsp.

within twenty-eight days of service.   The Court will address the merits of his § 2255 Motion after the expiration of his time to reply.

Nevertheless, to the extent Mabon argues that his § 922(g)(1) conviction for being a felon in possession of ammunition is unconstitutional under the Second Amendment and New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022), that argument has been repeatedly rejected.   In fact, in all the Second Amendment cases to come before the Supreme Court, not one Justice has ever suggested that felon-in-possession prohibitions are unconstitutional.   United States v. Gibson, No. 23-CR-20084, 2023 WL 8292372, at *5 (W.D. Tenn. Nov. 8, 2023). Closer to home, the Sixth Circuit has held that the Supreme Court's ruling in District of Columbia v. Heller, 554 U.S. 570 (2008)—a case later clarified and extended by Bruen—"does not bring into question the constitutionality of § 922(g)(1)."   United States v. Khami, 362 F. App'x 501, 508 (6th Cir. 2010).   Still, the Court will consider whatever arguments Mabon may make in his reply, should he choose to file one.

## **CONCLUSION**

Thus, because it appears that Mabon was precluded from receiving a copy of the Government's answer to his petition, the Clerk is **DIRECTED** to mail copies of **the Government's answer** (ECF No. 6) and **this Order** (ECF No. 14) to Mabon at the address given above.

**IT IS SO ORDERED**, this 1st day of June, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE