**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| MAURICE MABON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-02588-SHL-tmp |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING § 2255 PETITION TO VACATE**

Before the Court is Petitioner Maurice Mabon's Petition Pursuant to 28 U.S.C. § 2255 and 28 U.S.C. § 1331 and 28 U.S.C. § 1651 to Vacate/Correct an Unlawful Conviction and/or Sentence, filed September 18, 2023. (ECF No. 1.) The Government responded on November 14, 2023. (ECF No. 6.) The case was subsequently transferred to the undersigned. (ECF No. 12.) On May 7, 2026, Mabon filed a Motion Moving the Court to Expedite a Decision on Petitioner's Petition and Motions Now Before the Court.[1] (ECF No. 13.) On June 1, after it became apparent that Mabon never received the Government's response to the Petition due to a facility transfer, the Court directed the Clerk to mail him a copy of the Government's answer so that he could reply to it. (ECF No. 14.) Mabon replied on June 29. (ECF No. 15.)

For the reasons stated below, the Petition is **DENIED**.

**BACKGROUND**

On October 19, 2011, a federal grand jury in the Western District of Tennessee returned the five-count Second Superseding Indictment charging Mabon with four counts of child sex

---

[1] This Motion is **GRANTED**.

trafficking and one count of being a felon in possession of ammunition.  (Criminal No. 11-cr-20121 ("Cr."), ECF No. 28.)  Specifically, Count Five charged that, on or about May 12, 2011, Mabon, a convicted felon, knowingly possessed 25 live rounds of .380 caliber ammunition, 20 live rounds of .45 Auto caliber ammunition, 12 live rounds of 9 mm Luger caliber ammunition, 17 live rounds of 7.65 caliber ammunition, and 8 spent rounds of 7.62 caliber ammunition, all in violation of 18 U.S.C. § 922(g).  (Id.)  The Court dismissed one child sex trafficking count before trial.  (Cr., ECF No. 102.)  The jury returned a verdict of guilty on all four remaining counts on April 5, 2012.  (Cr., ECF No. 113.)  The Court later vacated one additional count of child sex trafficking on July 13 due to possible double jeopardy issues.  (Cr., ECF No. 128.) That same day, Mabon was sentenced to 324 months incarceration.  (Cr., ECF No. 132.)  He filed a notice of appeal on July 21.  (Cr., ECF No. 137.)  The Sixth Circuit Court of Appeals affirmed his conviction on September 5, 2013.  (Cr., ECF No. 171.)

Mabon filed his § 2255 motion on September 18, 2023.  (ECF No. 1.)

## ANALYSIS

In the Petition, Mabon argues that § 922(g)(1) is unconstitutional for several reasons, including the syllogism that, because the Second Amendment secures "the right of the people to keep and bear Arms," and because he is one of "the people," he thus must be allowed to possess ammunition.  (Id. at PageID 4.)  "The Supreme Court," he asserts, "has conclusively held that '[t]he Second Amendment's plain text . . . presumptively guarantees . . . a right to "bear" arms in public for self-defense.'"  (Id. at PageID 9 (quoting New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1, 33 (2022)).)  But he urges this Court not to consider the Supreme Court's statement in District of Columbia v. Heller, 554 U.S. 570, 626 (2008), that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms

2

by felons." (Id. at PageID 19.)   Mabon contends that the Court's caveat is "dicta, and is as expansive as it is vague." (Id.)

In response, the Government argues that the Court in Heller, 554 U.S. at 635, upheld "the right of law-abiding, responsible citizens to use arms in defense of hearth and home." (ECF No. 6 at PageID 35.)   The petitioners in Bruen, 597 U.S. at 31–32, the Government points out, were "two ordinary, law-abiding, adult citizens"—"'the people' whom the Second Amendment protects." (Id.)   A convicted felon, on the other hand, is definitionally not law-abiding. (Id.)   Thus, according to the Government, "[e]very court to consider whether firearms charges under § 922(g)(1) are unconstitutional under Bruen have rejected these challenges." (Id. at PageID 36.)

Indeed, Mabon's argument that his § 922(g)(1) conviction is unconstitutional under the Second Amendment and Bruen has been repeatedly rejected.   The Sixth Circuit has held that § 922(g)(1) "is constitutional on its face and as applied to dangerous people." United States v. Wilkinson, No. 24-5778, 2026 WL 907890 (6th Cir. Apr. 2, 2026) (quoting United States v. Williams, 113 F.4th 637, 662–63 (6th Cir. 2024)).   And Mabon's criminal history makes clear that he is a dangerous person.   Prior to his § 922(g)(1) conviction in 2011, he had been convicted of the violent crime of robbery in 2005.   Because Mabon, a dangerous felon, cannot qualify as an "ordinary, law-abiding, adult citizen," his conviction under § 922(g)(1) is constitutional, and his Petition must be denied.

## **CONCLUSION**

Thus, the Petition is **DENIED**.

**IT IS SO ORDERED**, this 15th day of July, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE