**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| MAURICE MABON, | ) | |
| Petitioner, | ) | |
| v. | ) | No. 2:23-cv-02588-SHL-tmp |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## ORDER DENYING A CERTIFICATE OF APPEALABILITY

On July 15, 2026, this Court entered an Order denying Petitioner Maurice Mabon's Petition under to 28 U.S.C. §§ 2255, 1331, and 1651 to Vacate/Correct an Unlawful Conviction and/or Sentence. (ECF No. 16.) That Order did not address the issue of appealability. For the reasons outlined below, a certificate of appealability is **DENIED**.

Twenty-eight U.S.C. § 2253(a) requires district courts to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Fed. R. App. P. 22(b). The COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). No § 2255 petitioner may appeal without this certificate.

A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotation marks omitted).

> Where a district court has rejected a constitutional claim on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling . . . .

Slack v. McDaniel, 529 U.S. 473, 484 (2000). "In short, a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect." Moody v. United States, 958 F.3d 485, 488 (6th Cir. 2020). "To put it simply, a claim does not merit a certificate unless every independent reason to deny the claim is reasonably debatable." Id.; see also id. ("Again, a certificate is improper if any outcome-determinative issue is not reasonably debatable.").

The issue raised in Movant's § 2255 Motion is meritless for the reasons previously stated in the Court's Order denying his Petition. (See ECF No. 16.) Because any appeal by Petitioner on the issue raised does not deserve attention, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED**, this 13th day of October, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE